THOMAS, J.
In this workers’ compensation case, Claimant appeals from a final order finding the Employer/Carrier (E/C) entitled to apportionment. Because the Judge of Compensation Claims (JCC) erred in his conclusion that the need for medical care is the result of merger with a preexisting condition, we reverse.
Claimant injured her back in the course and scope of her employment. The E/C accepted the accident as compensable and provided medical care. Claimant’s treating neurosurgeon eventually recommended surgery, but opined that 60% of the need for surgery was related to the industrial accident and 40% was related to preexisting conditions. As a result, the E/C authorized surgery, but asserted it was only responsible for 60% of the costs. Following an evidentiary hearing, the JCC entered a final order concluding the E/C was entitled to apportion 40% of Claimant’s “disability (if any) and medical care.”
In Staffmark v. Merrell, 43 So.3d 792, 795-96 (Fla. 1st DCA 2010), we held section 440.15(5)(b), Florida Statutes (2008),[1] permits apportionment of medical and indemnity benefits. Section 440.15(5)(b) allows for apportionment only “[i]f a com-pensable injury, disability, or need for medical care, or any portion thereof, is a result of aggravation or acceleration of a preexisting condition, or is the result of merger with a preexisting condition.... ” Accordingly, such apportionment requires either (1) a finding of aggravation or acceleration of a preexisting condition or (2) a finding of merger with a preexisting condition. The JCC did not find an aggravation or acceleration of a preexisting condition, but relied upon the treating neurosur *919 geon’s opinions to find merger. Merger, however, is defined in section 440.15(5)(b) as:
the combining of a preexisting permanent impairment or disability with a subsequent compensable permanent impairment or disability which, when the effects of both are considered together, result in a permanent impairment or disability rating which is greater than the sum of the two permanent impairment or disability ratings when each impairment or disability is considered individually.
Thus, merger, by definition, cannot occur without a preexisting permanent impairment or disability. In this case, although there was evidence Claimant had preexisting conditions, there was no evidence Claimant had a preexisting permanent impairment or disability. Consequently, there could be no merger.
In view of our disposition of this appeal, we need not address the other issues raised by Claimant. The JCC’s order finding the E/C entitled to apportionment is REVERSED.
VAN NORTWICK and MARSTILLER, JJ., concur.

. The 2006 version of section 440.15(5)(b) applicable in this case is identical.